USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/13/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA :

- against - :

NESTOR CANO, :

Defendant. :

- - - - - - - - - - - - - - - - - - - - - - -x

**ORDER**

04 Cr. 236 (DC)
07 Civ. 3412 (DC)

**CHIN, D.J.**

On July 12, 2007, I denied pro se litigant Nestor Cano's motion for habeas relief pursuant to 28 U.S.C. § 2255, and declined to issue a certificate of appealability. Cano now moves for reconsideration of the July 12th decision, pursuant to Federal Rule of Civil Procedure 59(e). Cano contends that this Court "summarily denied" his § 2255 motion, and improperly denied him an evidentiary hearing on the allegations contained therein. This motion is denied for the reasons set forth in the habeas decision. I add only the following.

First, I did not "summarily den[y]" Cano's motion, as I wrote an eighteen page decision carefully considering Cano's claims. This was not a summary denial.

Second, while Cano correctly quotes the language of § 2255, he misunderstands it and the relevant case law.

Section 2255 provides in part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues

> and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255. He then asserts that his case presented controverted issues of fact, requiring a hearing. (Mot. for Recons. 1-2). In support of his claim, he cites to his own affidavit, "which related primarily to purported occurrences outside the courtroom and upon which the record could not be relied upon . . . . Nor could this Honorable Court resolve the off-the-record occurrences by drawing upon its own personal knowledge or recollection." (Id. at 2). Cano then states that the Second Circuit "has long held that statements in affidavits are not files and records of the court case, and thus, a hearing must be held before a court can deny a § 2255 motion," and cites to United States v. Salerno, 290 F.2d 105 (2d Cir. 1961) (per curiam), in support of this proposition.

Cano, however, has misread Salerno. In fact, the opinion states that "the Supreme Court has frowned upon reliance on factual statements in opposing affidavits, since these are not files and records of the case." Salerno, 290 F.2d at 106 (quotations omitted) (emphasis added). Because it was clear from Cano's own submissions, the record in the case, and my own recollection, that Cano was not entitled to relief, I did not order the United States Attorney to respond to Cano's § 2255 motion, see Rules Governing Section 2255 Proceedings for the U.S. Dist. Courts 4(b); Armienti v. United States, 234 F.3d 820, 822-23 (2d Cir. 2000), and therefore I could not have relied on any opposing affidavits, because there were none.

Cano further contends that "this Honorable Court failed to consider whether petitioner had alleged enough off-the-record allegations to require a hearing," and that "if the [off-the-record] allegations are true, petitioner is clearly entitled to relief." (Mot. for Recons. 2). In fact, as discussed at length in my July 12th decision, I did consider the "off-the-record" allegations made by Cano, and concluded that, even assuming they were true, they did not entitle him to relief.

For the reasons set forth above and those in the July 12th decision, the motion for reconsideration is hereby denied. Because Cano has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. See 28 U.S.C. § 2255 (1996) (as amended by the Antiterrorism and Effective Death Penalty Act). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be taken in good faith.

SO ORDERED.

Dated: New York, New York
August 13, 2007

DENNY CHIN
United States District Judge