PRO SE OFFICE

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

04·CR·0236(DC)
07·CV·3412(DC)

UNITED STATES OF AMERICA

                                           Appellee

VS,

NESTOR CANO

                                           Defendant-Appellant

APPEAL NO. 05-4683-CR

ON APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF NEW YORK

APPLICATION FOR INSSUANCE OF CERTIFICATE OF APPEALABILITY
ON APPEAL FROM THE DENIAL OF MOTION UNDER 28 U.S.C. §2255
TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON
IN FEDERAL CUSTODY

NESTOR CANO, Pro-Se
Reg No. 52092-054
CCA McRAE CORRECTIONAL FACILITY
P.O. DRAWER 30
McRAE, GEORGIA  31055

APPLICATION FOR INSSUANCE OF CERTIFICATE OF APPEALABILITY
ON APPEAL FROM THE DENIAL OF MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON
IN FEDERAL CUSTODY

==================================================================

Comes now, Nestor Cano, defendant acting pro-se in the above cause of action and respectfully moves this Honorable court for an order granting the defendant a certificate of appealability pursuant to 28 U.S.C. 2255 to vacate sentence by a person in Federal custody. pursuant to rule 9 (b) Federal rules of appellate procedure, 28 U.S.C. §2253 (c)(1)(b); Henry V. Department of Corrections, 197 F.3d 1361, 1364 (11th Cir .1998) and Slack V. Mc Daniel, 529 U.S. 473, 484 (2000).

In support for granting this request the Appellant presents the following question:

Whether counsel for defendant had been ineffective by not securing a plea without the waiver provision in connection with 2255

Whether counsel for defendant had been ineffective by failing to raise the fifth and sixth Amendment violation in defendant's case

In support of this request the defendant presents the followings:

**PROCEDURAL BACKGROUND**

In the case at hand, petitioner Cano was charged with a Federal violation of conspiracy to possess with intent to distribute 1 kilogram of in violation of 21 U.S.C. §§ 846 and 841 (b)(1)(A)

On November 5, 2004, petitioner pled guilty to a one count indictment charging him with conspiracy to possess and possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§846, 841(a)(1) and (b)(1)(A). Sentencing was held on August 8, 2005, the district court sentenced petitioner at the top of the guidelines to 108 months of imprisonment based on the fact that the petitioner had fought the Government in determining drug quantity and attempted to minimized his culpability.

## ARGUMENT

Appellant argues that under Slack V. McDaniel, 529 U.S. 473, 484 (2000). The Supreme Court held that, when a Federal habeas Corpus petitioner sought to initiate an appeal of the dismissal of a petition after April 24, 1996 the AEDPA's effective date of the petitioner's right to appeal was governed by the certificate of Appealability (COA) provisions of the AEDPA (28 USCS §2253(c).

When a district court denied a petitioner without reaching the petitioner's underliying Federal Constitution claims, a COA OUGHT TO ISSUE and an appeal of the District Court's order might properly be taken if the prisoner showed at least that jurist of reason would find it debatable both, Whether (a) the petition stated a valid claim of the denial of a constitutional right, (b) whether the district Court was correct in its procedural ruling.

In the case at hand the District court was not correct in dismissing the motion without adjudication on the merits.

In this case, petitioner pleaded guilty to conspiracy to distribute and possess with the intent to distribute heroin in violation of 21 USC §§812, 841 (a)

-3-

At the time of the plea, counsel for the petitioner failed to secured a plea without a waiver for a constitutional violation. An argument under ineffective assistance of counsel should survive a waiver of 2255 because petitioner cannot waive a constitutional violation. Thereby, under Strickland counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) defendant was prejudiced by his counsel's deficient performance. See Strickland V. Washington, 466 U.S. 668,686-88 (1984).

## CONCLUSION

**WHEREFORE,** the aforementioned statements and authorities clearly reflect that the district court erred in denying petitioner' montion under 28 U.S.C. §§2255 and declined to issue a certificate of Appealability. Appellant prays this Honorable court to grant him the COA in the interest of Justice.

RESPECTFULLY SUBMITTED

*Nestor Cano*
==================================
Nestor Cano, Pro-Se,

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Certificate of Appealability (CAO) was sent on this 1st day of February, 2008 to :

the United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

by /s/ Nestor Cano
Nestor Cano, Pro-Se
P.O. Drawer 30
McRae, Georgia 31055